IN THE UNITED STATES DISTRICT OF TEXAS
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

MAR -8 2016

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| ROBERT LEE VALENCIA<br>*Plaintiff* | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL ACTION NO. 2:16cv00085<br>JURY TRIAL REQUESTED |
| UNITED STATES OF AMERICA<br>*Defendants* | §<br>§<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Robert Lee Valencia, Plaintiff, by and through his attorneys, The Law Offices of Thomas J. Henry, now come before this Court and complains of the United States of America, (hereinafter "USA"), as follows:

### I.   PARTIES

1. Robert Lee Valencia is an individual residing in Bee County, Texas, and thus a resident of the Southern District of Texas.

2. The Defendant is the United States of America. The Defendant, the USA, may be served with summons upon Loretta E. Lynch, United States Attorney General, at The Department of Justice, 10th and Constitution Avenue, N.W., Washington, D.C., 20530 and the Civil Process Clerk, agent for service of process for the United States Attorney for the Southern District of Texas, at 1000 Louisiana, Suite 2300, Houston, Texas 77002.

### II.   JURISDICTION AND VENUE

3. The claims herein are brought against the USA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* and 28 U.S.C. §1346(b) for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts

and omissions of employees of the USA while acting within the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Texas.

4. Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Bee County, Texas, which is within the Southern District of Texas – Corpus Christi Division.

5. Plaintiff requests a trial by jury.

### III.   CONDITIONS PRECEDENT

6. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on the appropriate Federal Agency.

8. The appropriate Federal Agency made a final disposition of Plaintiffs' claims within six months after Plaintiffs' claims were filed, pursuant to 28 U.S.C. §2675.

9. The settlement offer made by the appropriate Federal Agency, pursuant to 28 U.S.C. §2675, was insufficient to cover the Plaintiff's damages.

### IV.   SUMMARY

10. On or about May 19, 2014, the Plaintiff, Robert Lee Valencia, was operating a 2000 Harley-Davidson motorcycle in a lawful manner while traveling northbound on the 300 block of South Quinn, in Beeville, Bee County, Texas. The Defendant's employee was traveling westbound on the 700 block of West Milam when he failed to yield the right of way and suddenly, violently, and without warning struck the Defendant, Robert Lee Valencia, with the left side of the 1987 Grumman mail delivery truck he was driving.

The Plaintiff, Robert Lee Valencia, was transported via ambulance to the emergency room, and the Defendant was cited for failure to yield the right of way. The Defendant's employee was at all times acting in the course and scope of his employment with the USA and the United States Postal Service.

### V.   COUNT I – NEGLIGENCE

11. Plaintiffs incorporate by reference herein all allegations set forth above.

12. On May 19, 2014, the Plaintiff was traveling in a 2000 Harley-Davidson motorcycle in a lawful manner while traveling northbound on the 300 block of South Quinn in Beeville, Texas.

13. The Defendant's employee was traveling westbound on the 700 block of West Milam.

14. At all times relevant hereto, the Defendant's employee was acting within the course and scope of his office and employment with Defendant, the USA, specifically as a member of the United States Postal Service.

15. The Defendant's employee, operated the vehicle in a negligent manner and violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

    a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c. in failing to turn the vehicle in an effort to avoid the collision in question;

    d. in failing to sound horn to warn of imminent danger;

    e. in failing to yield the right-of-way;

   f. in failing to pay proper attention while driving; and

16. Each of these acts and/or omissions of the Defendant's employee, whether taken singularly or in any combination, constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### VI. COUNT V - GROSS NEGLIGENCE

16. The Defendant's employee's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. The Defendant's employee had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### VII. DAMAGES

18. As a direct and proximate result of the collision and the negligent conduct of the Defendant's employee, the Plaintiff suffered severe bodily injury to the neck, upper back, lower back, and other parts of his body generally. The injuries are permanent in nature and have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental

conditions to deteriorate generally, and the specific injuries and ill effects have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

19. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

20. As a consequence of the injuries sustained by the Plaintiff, he has sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause the Plaintiff to suffer long into the future, if not for the balance of his natural life.

21. Specifically, as a direct and proximate result of the negligent acts of the Defendant's employee, the Plaintiff has endured significant pain and suffering, mental anguish, and physical impairment as a result of the collision in question. The Plaintiff continues to seek treatment for the injuries he sustained in the collision.

### VIII.   PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff is entitled to damages from the United States of America and he hereby prays that judgment be entered in his favor and against the United States of America as follows:

   1. Pain and suffering in the past;
   2. Pain and suffering in the future;
   3. Mental anguish in the past;

4. Mental anguish in the future;

5. Past medical expenses;

6. Future medical expenses;

7. Physical impairment in the past;

8. Physical impairment in the future;

9. Physical disfigurement in the past;

10. Physical disfigurement in the future;

11. Loss of past wages;

12. Loss of future wages;

13. Loss of wage earning capacity;

14. Loss of consortium

15. Property damage; and

16. Loss of use.

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,
**THOMAS J. HENRY, INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401
Tel: (361) 985-0600
Fax: (361) 985-0601

By: *[signature: Mary Wilson]*
Thomas J. Henry
Federal Admission No.: 12980
State Bar No.: 09484210
Mary Wilson
State Bar No. 21704570
*email: mwilson-svc@tjhlaw.com*
**Attorneys for Plaintiffs**
*Service by e-mail to this address only

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Lee Valencia

## DEFENDANTS
United States Postal Service

**(b)** County of Residence of First Listed Plaintiff  **Bee County, Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Wilson, Thomas J. Henry Injury Attorneys
521 Starr Street
Corpus Christi, TX 78401

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Torts Claims Act, 28USC, Section 2671, Section 1346
Brief description of cause:
Loss of property and personal injury in motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 754,500.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 2/19/16
SIGNATURE OF ATTORNEY OF RECORD  *Mary Wilson*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____