UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT LEE VALENCIA | § | |
| | § | |
|     Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-85 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Plaintiff Robert Valencia filed this lawsuit against the United States of America under the Federal Torts Claim Act ("FTCA") to recover damages for the costs and injuries he sustained from a collision involving his motorcycle with a United States Postal Service vehicle. Pursuant to the parties' consent to proceed before the undersigned Magistrate Judge, a bench trial was conducted April 16, 2018 to April 19, 2018. The Court enters the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

The following Findings of Fact address the accident at issue in this case and the Plaintiff's resulting injuries. If any of the Findings of Fact may be more properly deemed Conclusions of Law, they are hereby incorporated by reference into the Conclusions of Law.

### A. The Accident

On the morning of May 19, 2014, Plaintiff was driving his motorcycle in Beeville, Texas. Jeremy Nail, a United States Postal Service employee, was driving a postal

vehicle. Mr. Nail was required to yield prior to entering the intersection of Milam Street and Quinn Street. While Mr. Nail testified he came to a complete stop at the yield sign, an independent witness, Ms. Marianne Martinez, testified he did not. Upon investigation at the scene of the accident, Salvador Sanchez, a Beeville Police Officer, issued a citation to Mr. Nail for failure to yield. Mr. Nail testified he later paid the citation and his employment was terminated because of the accident. It is clear Mr. Nail failed to properly yield to Plaintiff who struck the left rear side of the postal vehicle with his motorcycle after Mr. Nail entered the intersection. At trial and in briefing, the parties represented there was no dispute that Mr. Nail caused the accident and was acting within the course and scope of his employment at the time of the accident. As a result of the accident, Plaintiff suffered bodily injuries resulting in physical pain and suffering.

Plaintiff testified he was able to walk at the scene of the accident and to call his family members. Plaintiff's younger brother, David Valencia, and Plaintiff's friend, Luciano De La Garza, arrived together at the scene of the accident before emergency personnel and both testified Plaintiff was standing and walking at the scene of the accident without difficulty and without assistance. Both also testified they saw no physical injuries to Plaintiff. Plaintiff was later taken by ambulance from the scene of the accident to the hospital where he was released four hours later.

At all relevant times, Plaintiff was employed as a corrections officer with the Federal Bureau of Prisons at the Three Rivers Unit in Beeville, Texas who worked Wednesday through Sunday. Plaintiff testified that after he was released from the hospital on May 19, 2014, the day of the accident, he went home and rested and did not

return to work until May 23, 2018 because he was experiencing pain and/or numbness in his neck, shoulders, right arm, middle and lower back and legs. Plaintiff further testified that while he returned to work, he could not complete his regular duties without pain. Plaintiff worked from May 23, 2014 to June 28, 2014 before taking his prescheduled annual leave from June 29, 2014 to July 12, 2014. Dr. James Hatfield, a chiropractor, then restricted Plaintiff from working from July 15, 2014 to July 31, 2014 and subsequently released Plaintiff to work from July 31, 2014 to October 1, 2014 with a 20 pound lifting restriction. Dr. Hatfield then released Plaintiff to work without restriction. However, Plaintiff testified he did not formally seek accommodation from his employer as to his lifting restriction and did not return to work until October 6, 2014. Additionally, Plaintiff testified since October 6, 2014, he has continued his employment as a corrections officer at Three Rivers. He further testified he has had to modify his recreational and daily activities because of his injuries.

B. **Plaintiff's Injuries**

After the accident, Plaintiff was initially treated by Dr. Hatfield from May 27, 2014 to September 9, 2014 and again at various times from 2015 to 2017. Plaintiff was treated by Dr. Dennis Gutzman, a board certified orthopedic surgeon, in August 2014 for his back pain upon referral from Dr. Hatfield. Dr. Gutzman testified Plaintiff had disc protrusions with annular tearing at L4-5 and L5-S1 with radiculopathy. Dr. Gutzman testified he referred Plaintiff to Dr. Michael Murphy to receive epidural steroid injections. Plaintiff was treated by Dr. Murphy in December 2014 in three separate visits where he received epidural steroid injections in his back. Dr. Murphy testified Plaintiff reported

60% relief after the first round of injections and 80% relief after the second. Plaintiff was not treated by Dr. Murphy after his third round of injections and therefore, Dr. Murphy did not know the level of relief Plaintiff had at that time.

Dr. Gutzman testified that in early 2016, after the epidural steroid injections and other conservative treatment proved unsuccessful as Plaintiff had continued complaints of pain, he recommended surgical intervention. To date, Plaintiff has not had surgery or sought further treatment from Dr. Gutzman. Further, Dr. Gutzman testified he never told Plaintiff he could not return to work.

## II. CONCLUSIONS OF LAW

If any of the following Conclusions of Law may be more properly deemed Findings of Fact, they are hereby incorporated by reference into the Findings of Fact.

### A. Federal Tort Claims Act

As a sovereign, the United States is "immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). The FTCA authorizes civil actions against the United States for personal injuries caused by the negligent acts of its employee acting within the scope of his or her employment. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2671 *et seq*. The United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. It is undisputed Nail was acting within the course and scope of his employment as a United States Postal Service employee at the time of the accident and the FTCA applies. Venue is also proper as the accident occurred in

Beeville, Bee County, Texas, which is in the Southern District of Texas, Corpus Christi Division. 28 U.S.C. § 1402(b). When resolving claims under the FTCA, federal courts apply the substantive law of the state where the tort occurred, in this case, Texas. *Lee v. United States*, 765 F.3d 521, 523 (5th Cir. 2014) (citations omitted).

### B. Negligence

Under Texas law, the elements of actionable negligence are the existence of a duty, a breach of that duty, proximate cause, and resulting injury. *Leonard v. Aluminum Co. of America*, 767 F.2d 134, 136 (5th Cir. 1985) (citations omitted). The parties do not dispute that Nail owed Plaintiff a duty of care while driving his postal route, namely to exercise reasonable care to avoid injuring others when obeying a yield sign and entering an intersection. Nor do they dispute Nail breached that duty by failing to appropriately yield and exercise reasonable care when entering the intersection at Milam Street and Quinn Street. That failure to yield was not only negligent, but was also a proximate cause of the collision which caused injury to Plaintiff. Because there is no dispute Nail was acting within the course and scope of his employment at the time of the accident, Defendant is liable for any damages proximately caused by Nail's negligence.

Accordingly, the Court has determined a damage award in the amount of $60,049.65 is appropriate as follows:

(1) The sum of $10,000.00 would reasonably and fairly compensate Plaintiff for his physical pain, suffering and mental anguish that resulted from his injuries.

(2) The sum of $5,000.00 would reasonably and fairly compensate Plaintiff for his physical impairment.

(3) The sum of $2,803.36 would fairly and adequately compensate Plaintiff for his lost wages due to this incident. The undersigned finds Plaintiff should be compensated for his lost wages at a rate of $25.03 per hour for the time he was unable to work from the date of the accident through July 31, 2014, not including Plaintiff's previously scheduled vacation days.

(4) The sum of $42,246.29 would fairly and reasonably compensate Plaintiff for medical expenses. This amount represents the past medical expenses claimed by Plaintiff. (D.E. 56, Page 2). The undersigned finds Plaintiff has not met his burden as to the necessity of his future medical expenses.

The Court will enter a separate final judgment.

ORDERED this 4th day of June, 2018.

Jason B. Libby
United States Magistrate Judge